Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Paul A. Stewart (SBN 153467)
paul.stewart@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Hans L. Mayer (SBN 291998)
hans.mayer@knobbe.com
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: 310-551-3450
Attorneys for Plaintiff
MONSTER ENERGY COMPANY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> TOTAL BODY EXPERTS LLC, a California limited liability company, <br><br> Defendant. | Case No. 5:18-cv-00517 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Monster Energy Company ("Plaintiff" or "Monster") hereby complains of Defendant Total Body Experts LLC ("Defendant"), and alleges as follows:

## I.  JURISDICTION AND VENUE

1.    This is an action for 1) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a), 2) trademark infringement under 15 U.S.C. § 1114, 3) California common-law unfair competition, and 4) unfair competition arising under California Business & Professions Code §§ 17200 *et seq.*

2.    This Court has original subject matter jurisdiction over the claims that relate to trademark infringement, trade dress infringement, and false designation of origin pursuant to 15 U.S.C. §§ 1116 and 1121(a) and also pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and  1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.    This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this Judicial District and within California. In addition, by committing acts of trademark infringement, trade dress infringement, false designation of origin, and unfair competition in this Judicial District, including, but not limited to, using infringing marks in connection with the sale of products to customers in this Judicial District, Defendant's acts form a substantial part of the events or omissions giving rise to Monster's claims.

4.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendant resides in this Judicial District and

because a substantial portion of the events complained of herein took place in this Judicial District.

## II.  THE PARTIES

5.     Monster is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Monster Way, Corona, California 92879.

6.     Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of California, having a principal place of business at 12909 Cerise Ave., Hawthorne, California.

## III.  COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

### A.     Monster's Trademarks and Trade Dress

7.     Monster is a nationwide leader in the business of developing, marketing, selling, and distributing beverages.  Monster has achieved extensive exposure and widespread recognition of its MONSTER™ brand through its sponsorship of motorsports athletes, teams and events, among other sponsorships.

8.     In 2002, long before Defendant's acts described herein, Monster launched its MONSTER ENERGY® drink brand, bearing its now-famous MONSTER™ mark and MONSTER ENERGY® mark.

9.     Monster's successful line of MONSTER™ drinks has grown to include numerous other well-known products, the containers and packaging of which are prominently marked with the MONSTER™ mark.  The MONSTER™ line of drinks includes or has included, but is not limited to, original Monster Energy® and Lo-Carb Monster Energy®; Monster Assault®; Juice Monster® Khaos®, Juice Monster® Ripper®, and Juice Monster® Pipeline Punch®; Ubermonster®; Monster Energy® Gronk; Monster Energy® Import; Punch Monster® Baller's Blend and Punch Monster® Mad Dog; Monster Energy

Absolutely Zero®; Monster Energy Zero Ultra®, Monster Energy Ultra Blue®, Monster Energy Ultra Red®, Monster Energy Ultra Sunrise®, Monster Energy Ultra Citron®, and Monster Energy Ultra Black®; Monster Rehab®, which is a line of tea-based non-carbonated energy drinks, which includes Monster's Monster Rehab® Tea + Orangeade + Energy, Monster Rehab® Tea + Pink Lemonade + Energy, Monster Rehab® Tea + Lemonade + Energy, Monster Rehab® Raspberry Tea + Energy, and Monster Rehab® Peach Tea + Energy; Java Monster®, which is a line of dairy based coffee plus energy drinks; Muscle Monster®, which is a line of energy shakes; Monster Energy Extra Strength Nitrous Technology®, which is a line of energy drinks with a blend of nitrous oxide and carbon dioxide to create a smoother energy drink; and ® Monster Energy® which is a five ounce concentrated energy drink, among others (referred to collectively as "MONSTER™ line of drinks").

10.    Representative images showing some of the products in Monster's MONSTER line of drinks are shown below:




11.    Monster is also the owner of numerous trademark registrations for marks that incorporate its famous MONSTER™ Mark, M MONSTER ENERGY®, and/or MONSTER ENERGY® Mark, for use in connection with beverages, nutritional supplements, clothing, sporting goods, promoting goods and services in the motorsports industry, and other products and services, including the following U.S. Trademark Registrations:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|------------|-----------|
| MONSTER ENERGY | 4,721,433 | Promoting goods and services in the sports, motorsports, electronic sports, and music industries through the distribution of printed, audio and visual promotional materials; promoting sports and music events and competitions for others | 03/12/2014 | 04/14/2015 |
| MONSTER ENERGY | 3,044,315 | Nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/23/2003 | 01/17/2006 |
| MONSTER ENERGY | 3,057,061 | Fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, but excluding | 04/18/2002 | 02/27/2006 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
|  | 3,908,601 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely, hats and beanies | 04/02/2009 | 01/18/2011 |
|  | 3,914,828 | Sports helmets | 04/02/2009 | 02/01/2011 |
|  | 3,923,683 | All purpose sport bags; All-purpose carrying bags; Backpacks; Duffle bags | 04/02/2009 | 02/22/2011 |
|  | 3,908,600 | Stickers; sticker kits comprising stickers and decals; decals | 04/02/2009 | 01/18/2011 |
|  | 4,332,062 | Silicone wrist bands; silicone bracelets; jewelry, namely, bracelets and wristbands | 10/05/2012 | 05/07/2013 |
|  | 4,660,598 | Lanyards; Lanyards for holding whistles, keys, eyeglasses, sunglasses, mobile telephones, badges, identification cards, event passes, media passes, photographs, recording equipment, or similar conveniences | 08/26/2013 | 12/23/2014 |
| M MONSTER | 3,044,314 | Nutritional supplements in liquid form, but excluding | 05/23/2003 | 01/17/2006 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| ENERGY | | perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
| M MONSTER ENERGY | 3,134,842 | Beverages, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/07/2003 | 08/29/2006 |
| MONSTER ENERGY | 4,036,680 | Nutritional supplements in liquid form | 09/11/2007 | 10/11/2011 |
| MONSTER ENERGY | 4,036,681 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy | 09/11/2007 | 10/11/2011 |
| MONSTER REHAB | 4,111,964 | Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages | 08/24/2011 | 03/13/2012 |
| MONSTER REHAB | 4,129,288 | Nutritional supplements in liquid form  Beverages, namely, non- | 07/06/2010 | 04/17/2012 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | alcoholic non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf-stable; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
| MUSCLE MONSTER | 4,376,796 | Nutritional supplements in liquid form<br><br>Beverages, namely, soft drinks; non-alcoholic and non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 07/02/2010 | 07/30/2013 |
| MUSCLE MONSTER | 4,451,535 | Vitamin fortified beverages<br><br>Dairy-based beverages; dairy-based energy shakes; | 07/10/2013 | 12/17/2013 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | energy shakes; coffee energy shakes; chocolate energy shakes<br><br>Ready to drink coffee based beverages; ready to drink chocolate-based beverages | | |
| JUICE MONSTER | 4,716,750 | Nutritional supplements in liquid form;<br><br>Non-alcoholic beverages, namely, energy drinks and drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, but excluding perishable beverage products that contain fruit juice or soy. | 02/24/2012 | 04/07/2015 |
| MONSTER ASSAULT | 4,634,053 | Nutritional supplements in liquid form;<br><br>Vitamin fortified beverages; Non-alcoholic beverages, namely, energy drinks, energy drinks flavored with juice, sports drinks, all enhanced with vitamins, minerals, nutrients, proteins, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 11/15/2013 | 11/04/2014 |
| PUNCH MONSTER | 4,604,556 | Nutritional supplements in liquid form; Vitamin | 11/22/2013 | 09/16/2014 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | fortified beverages; Non-alcoholic beverages, namely, energy drinks, energy drinks flavored with juice, sports drinks, all enhanced with vitamins, minerals, nutrients, proteins, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
| JAVA MONSTER | 3,959,457 | Beverages, namely, soft drinks; non-carbonated energy drinks; non-carbonated sports drinks; soft drinks and non-carbonated energy drinks, all enhanced with vitamins, minerals, nutrients, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 12/8/2005 | 05/10/2011 |
| JAVA MONSTER | 5,018,111 | Ready to drink coffee, iced coffee and coffee based beverages; ready to drink flavored coffee, iced coffee and coffee based beverages | 03/15/2016 | 08/09/2016 |
| UBERMON STER | 4,234,456 | Nutritional supplements in liquid form; Beverages, namely, | 07/09/2010 | 10/30/2012 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | carbonated soft drinks; nonalcoholic carbonated soft drinks and energy drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
| MONSTER UNLEADED | 5,041,267 | Nutritional supplements; Non-alcoholic drinks, namely, carbonated soft drinks, carbonated energy drinks, sports drinks, and soft drinks, energy drinks and sports drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs | 08/03/2011 | 09/13/2016 |
| MONSTER ENERGY UNLEADED | 4,989,137 | Nutritional supplements in liquid form; Non-alcoholic beverages, namely, carbonated soft drinks, carbonated and non-carbonated energy drinks, sports drinks, and soft drinks, energy drinks and sports drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs | 05/14/2014 | 06/28/2016 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| MONSTER ENERGY ABSOLUTELY ZERO | 5,013,706 | Nutritional supplements in liquid form; <br><br> Non-alcoholic beverages, namely, soft drinks, carbonated soft drinks, energy drinks and sports drinks; energy drinks and sports drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs | 01/20/2015 | 08/02/2016 |
| MONSTER ENERGY ULTRA RED | 4,532,292 | Nutritional supplements in liquid form; vitamin fortified beverages; <br><br> Non-alcoholic beverages, namely, energy drinks, soft drinks, sports drinks, all enhanced with vitamins, minerals, nutrients, amino acids and/or herbs; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 06/13/2013 | 05/20/2014 |
| MONSTER ENERGY ULTRA BLUE | 4,534,414 | Nutritional supplements in liquid form; vitamin fortified beverages; <br><br> Non-alcoholic beverages, namely, energy drinks, soft drinks, sports drinks, all enhanced with vitamins, minerals, nutrients, amino acids and/or herbs; all the foregoing goods exclude | 01/02/2013 | 05/20/2014 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
| MONSTER ENERGY ULTRA BLACK | 4,860,491 | Nutritional supplements in liquid form;<br><br>Non-alcoholic beverages, namely, carbonated soft drinks, carbonated energy drinks, sports drinks, and soft drinks, energy drinks and sports drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs | 05/13/2014 | 11/24/2015 |
| MONSTER ENERGY ULTRA CITRON | 4,856,373 | Nutritional supplements in liquid form;<br><br>Non-alcoholic beverages, namely, carbonated soft drinks, carbonated energy drinks, sports drinks, and soft drinks, energy drinks and sports drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs | 05/14/2014 | 11/17/2015 |
| MONSTER ENERGY ZERO ULTRA | 4,879,793 | Nutritional supplements in liquid form;<br><br>Non-alcoholic beverages, namely, soft drinks, carbonated soft drinks, energy drinks, sports drinks; energy drinks and sports drinks enhanced with vitamins, minerals, | 12/18/2014 | 01/05/2016 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | nutrients, amino acids and/or herbs | | |
| LO-CARB MONSTER ENERGY | 3,852,118 | Nutritional supplements;<br><br>Non-alcoholic beverages, namely, energy drinks, drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs | 02/13/2009 | 09/28/2010 |
|  | 3,134,841 | Beverages, namely, carbonated soft drinks, carbonated soft drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy and sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/07/2003 | 08/29/2006 |
|  | 4,865,702 | Nutritional supplements in liquid form;<br><br>Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 02/02/2015 | 12/08/2015 |

-13-

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 4,051,650 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely hats and beanies | 7/28/2010 | 11/8/2011 |
|  | 3,434,822 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy | 9/7/2007 | 5/27/2008 |
|  | 5,022,676 | Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 5/28/2014 | |

12.    Attached hereto as Exhibits A1-A37 are true and correct copies of Monster's trademark registrations identified in Paragraph 10 of this Complaint, which are hereby incorporated by reference.  Collectively, those registrations and trademarks, including all common law rights therein, are referred to as the "MONSTER Marks."

13.    Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 3,044,314, 3,044,315, 3,057,061, 3,134,841, 3,134,842, 3,740,050, 3,852,118, 3,959,457, 3,908,600, 3,908,601, 3,914,828, 4,036,680, 4,036,681, and 4,111,964 are incontestable.

14.    Long before Defendant's acts described herein, Monster has used or licensed the use of its MONSTER Marks in connection with products used

with or associated with weightlifting events, fitness gyms, clothing, gloves, stickers, sports helmets, bags, backpacks, and other related accessories.   True and correct examples of the use of Monster's MONSTER Marks in connection with fitness gyms and athletes are shown below:





-15-





**monsterenergy**   • Follow

**monsterenergy** It's in @thenotoriousmma's blood... The Fighting Irish! ɪᴇ #IAmTheBeast #MonsterEnergy #MayweatherMcgregor

Load more comments

**illuminatisupernaturalpower11** Welcome to Illuminati brotherhood. Call Dr Danny Meister Whats App number +2348132001736. to join the Illuminati brotherhood to get rich and famous, the

**48,362 likes**

AUGUST 19, 2017

Log in to like or comment.



15.     In addition, since 2002, Monster has consistently used a distinctive trade dress for its packaging and promotional materials, including a stylized font for the mark MONSTER™ on a dark background, a bright contrasting accent color, including bright green, and an overall aggressive, edgy theme, as shown below (the "MONSTER Trade Dress"):



16.     Since at least 2002, Monster has also used the famous UNLEASH THE BEAST!® mark in connection with its MONSTER ENERGY® brand. Monster has also used its PUMP UP THE BEAST!®, REHAB THE BEAST!®, REHAB THE BEAST! WWW.MONSTERENERGY.COM®, UNLEASH THE NITRO BEAST!®, UNLEASH THE ULTRA BEAST!®, and UNLEASH THE CAFFEINE FREE BEAST!® marks on its products (collectively, the "BEAST Marks").  Shown below are true and accurate representative pictures illustrating just a few examples of Monster's point of sale materials bearing Monster's BEAST Marks.

 

17.    Monster is also the owner of numerous trademark registrations for its famous BEAST Marks for use in connection with beverages, nutritional supplements, and clothing, including the following U.S. Trademark Registrations:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| UNLEASH THE BEAST! | 4,975,822 | Clothing, namely, tops, shirts, long-sleeved shirts, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, socks, sweat bands and gloves; headgear, namely, hats and beanies | 03/07/2014 | 06/14/2016 |
| UNLEASH THE BEAST! | 2,769,364 | Fruit juice drinks, soft drinks, carbonated soft drinks and soft drinks enhanced with vitamins, minerals, nutrients, amino | 12/18/2002 | 09/30/2003 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | acids and/or herbs | | |
| PUMP UP THE BEAST! | 4,482,659 | Nutritional supplements in liquid form; vitamin fortified beverages | 5/15/2013 | 02/11/2014 |
| PUMP UP THE BEAST! | 4,482,660 | Dairy-based beverages; dairy-based energy shakes | 05/15/2013 | 02/11/2014 |
| PUMP UP THE BEAST! | 4,542,107 | Ready to drink coffee-based beverages; coffee-based shakes for boosting energy; chocolate-based shakes for boosting energy; ready to drink chocolate-based beverages | 05/15/2013 | 06/03/2014 |
| PUMP UP THE BEAST! | 4,546,402 | Non-alcoholic beverages, namely, non-alcoholic and non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks | 05/15/2013 | 06/10/2014 |
| REHAB THE BEAST! | 4,336,329 | Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages; non-alcoholic beverages, namely, energy drinks, sports drinks and fruit juice drinks; all the foregoing enhanced with | 11/03/2010 | 05/14/2013 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | vitamins, minerals, nutrients, proteins, amino acids and/or herbs | | |
| UNLEASH THE NITRO BEAST! | 4,394,044 | Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy or sports drinks | 12/14/2010 | 07/27/2013 |
| UNLEASH THE ULTRA BEAST! | 4,371,544 | Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 11/19/2012 | 07/23/2013 |
| REHAB THE BEAST! | 4,292,502 | Ready To drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages; non-alcoholic beverages, namely, energy drinks, sports drinks and fruit juice drinks, all the foregoing enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs | 02/15/2012 | 02/19/2013 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|------------|-----------|
| UNLEASH THE CAFFEINE FREE BEAST! | 4,953,200 | Caffeine free nutritional supplements in liquid form; non-alcoholic beverages, namely, carbonated energy drinks, sports drinks, and soft drinks, energy drinks and sports drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs; all goods do not contain caffeine | 05/28/2014 | 05/03/2016 |

18.     Attached hereto as Exhibits B1-B11 are true and correct copies of Monster's trademark registrations identified in Paragraph 16 of this Complaint, which are hereby incorporated by reference.

19.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration No. 2,769,364 is incontestable.

20.     Monster's MONSTER Marks, MONSTER Trade Dress, and BEAST Marks are the subject of substantial and continuous marketing and promotion by Monster.  Since 2002, Monster has spent over $4.6 billion dollars in advertising, promoting, and marketing its MONSTER brand, MONSTER Trade Dress, and BEAST Marks.  In 2016 alone, Monster spent $467 million dollars in advertising, promoting, and marketing its brand, marks, and trade dress.

21.     Monster has and continues to widely market and promote its famous MONSTER Marks, MONSTER Trade Dress, and BEAST Marks by displaying the marks and trade dress on billions of cans of its MONSTER drinks sold in the U.S.  Monster's promotional efforts also include – by way of example but not limitation – sponsorship of athletes, athletic teams, athletic

competitions, concerts and live events around the world, widespread distribution of promotional and point of sale materials, product samplings, apparel and merchandise bearing the MONSTER Marks, MONSTER Trade Dress, and/or BEAST Marks, promotion in magazines and other industry publications, promotion on the MONSTER ENERGY® website and other Internet websites, and attendance at trade shows.  Virtually every marketing and promotional item uses the colors black and green.

22.    As of 2015, Monster sponsors the Ultimate Fighting Championship ("UFC") as its official energy drink partner (excluding in Brazil).  At least one of the MONSTER Marks appears on the fighter gate vertical bumpers of the UFC's Octagon for most live UFC events, excluding those which take place in Brazil.  Monster also sponsors Daniel Cormier, light heavyweight champion in the UFC, Ronda Rousey, former UFC women's bantamweight champion and Connor McGregor, featherweight champion in the UFC.   Examples of Monster's sponsored sporting events and athletes, and clothing bearing the MONSTER Marks are shown below:





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





23.    Monster began sponsoring Tiger Woods in 2016.  Tiger Woods is one of the most successful and famous golfers in the world.  In his storied career, Woods has won fourteen major championships, including the prestigious Masters Tournament, the U.S. Open, The British Open Championship, and the PGA Championship.

24.    When competing, at public appearances, or both, the sponsored athletes and team members almost always wear clothing or use equipment that prominently display one or more of the MONSTER Marks and/or the MONSTER Trade Dress.  The sponsored athletes and team members are also frequently shown drinking MONSTER drinks, the majority of which bear at least one of the BEAST Marks.  The MONSTER Marks and MONSTER Trade Dress are prominently displayed at the event venues, as well as on the clothing, helmets, and/or bikes, trucks or cars of riders or teams sponsored by Monster. Through Monster's sponsorships, millions of consumers have been exposed to the MONSTER Marks,  MONSTER Trade Dress, and BEAST Marks when they watch the athletes and teams compete at events—many of which are televised nationwide—or see the athletes at public appearances or in Internet postings and magazines.

25.    In addition to sponsoring professional athletes and teams, since at least 2004, Monster uses the mark MONSTER ARMY™ in connection with an amateur athlete development program.  More than 376,000 amateur athletes in various sports have applied to be accepted as part of the Monster Army through the Monster Army website <www.monsterarmy.com>. Shown below are true and accurate representative pictures illustrating Monster's use of its MONSTER ARMY™ mark.

 

26.     Monster supports members of the MONSTER ARMY™ in many different ways, but such support often includes assistance with clothing, gear, training, and travel.  Members of the MONSTER ARMY™ also typically wear MONSTER branded clothing and gear which prominently display one or more of the MONSTER Marks and/or the MONSTER Trade Dress.  Monster also provides athletes with hats, t-shirts, stickers, and/or embroidered patches bearing the MONSTER Marks and the MONSTER Trade Dress.   The athletes will wear or apply these items to their sports equipment and gear in order to promote the MONSTER brand of products during competition

27.     Monster's MONSTER Marks, MONSTER Trade Dress, and BEAST Marks were also marketed and promoted while prominently displayed on the Las Vegas monorail (the "Monster Train").  In 2003, Monster engaged in a massive advertising campaign in connection with its sponsorship of the Monster Train, which prominently featured the MONSTER Mark, MONSTER Trade Dress, and UNLEASH THE BEAST!® mark.  The Monster Train was featured in *The Wall Street Journal*, *Time* and *USA Today* in 2003, and these articles were read by an estimated 32 million people in the U.S.  In addition,

television and internet reports that discussed the Las Vegas Monster Train reached another 70 million readers, and television and radio promotions were circulated to approximately 36 million people in the U.S.

28.     Monster's MONSTER™ line of drinks has achieved substantial commercial success.  Worldwide retail sales now exceed 3 billion cans per year, with estimated retail sales at approximately $6 billion per year worldwide. Monster's MONSTER™ brand has established itself as the best-selling energy drink brand in the United States by unit volume and dollar value.   While Monster continues to expand its successful MONSTER™ line of drinks, Monster's best-selling drink is still the original Monster Energy®, which prominently features the colors green and black.

29.     As a result of Monster's substantial use and promotion of its MONSTER Marks, MONSTER Trade Dress, and BEAST Marks, the marks and trade dress have acquired great value as specific identifiers of Monster's products and services and serve to identify and distinguish Monster's MONSTER products and services from those of others.   Customers in this Judicial District and elsewhere readily recognize Monster's MONSTER Marks, MONSTER Trade Dress, and BEAST Marks as distinctive designations of the origin of Monster's MONSTER™ and MONSTER ENERGY® brand of products, services and promotional items.  The MONSTER Marks, MONSTER Trade Dress, and BEAST Marks are intellectual property assets of enormous value as symbols of Monster and its quality products, services, reputation, and goodwill.

**B.     Defendant's Infringing Activities**

30.     On information and belief, Defendant is engaged in the business of manufacturing, distributing, marketing and/or selling fitness equipment and related services and accessories. Defendant also owns and operates the websites <https://www.stairmonster.com> and <https://www.totalbodyexperts.com>, and

maintains the Instagram account <https://www.instagram.com/stairmonster> and the Twitter account <https://www.twitter.com/stairmonster>.

31.    Without permission or consent from Monster, Defendant has sold and is offering for sale goods using trademarks and trade dress that are confusingly similar to one or more of the MONSTER Marks, the MONSTER Trade Dress, and one or more of the BEAST Marks. Some examples of Defendant's products displaying the infringing marks are shown below:





32.    As shown above, Defendant is using the marks STAIRMONSTER, UNLEASH THE BEAST!, BATTLE THE BEAST, and a claw design, which are confusingly similar to  (or in one case identical to) Monster's MONSTER Marks and BEAST Marks, on and in connection with fitness equipment and related services and accessories.  In addition, Defendant predominantly uses its marks in a green font on a black background, which is confusingly similar to the MONSTER Trade Dress.  Defendant uses a shade of green that is almost identical to the green used by Monster.

33.    Upon information and belief, Defendant was aware of Monster, the MONSTER Marks, the MONSTER Trade Dress, and the BEAST Marks when Defendant commenced its infringing activities.

34.    Without permission or consent from Monster, Defendant has infringed Monster's MONSTER Marks, MONSTER Trade Dress, and BEAST Marks in interstate commerce by making, using, promoting, advertising, selling, and/or offering to sell products using marks, including STAIRMONSTER, UNLEASH THE BEAST!, BATTLE THE BEAST, and a claw design, that are

confusingly similar to Monster's MONSTER Marks, MONSTER Trade Dress, and BEAST Marks.

35.     Upon information and belief, Defendant's actions alleged herein are intended to cause confusion, mistake, or deception as to the source of Defendant's products and are intended to cause consumers and potential customers to believe that Defendant's business and the goods that it offers are associated with Monster or Monster's MONSTER family of products or services, when they are not.

36.     Indeed, Defendant has a duty to avoid confusion with Monster and the MONSTER Marks, MONSTER Trade Dress, and BEAST Marks because Defendant entered the market after Monster. Nevertheless, Defendant has purposely sold, promoted, marketed, and/or distributed its products in a manner that causes a likelihood of confusion with Monster, the MONSTER Marks, the MONSTER Trade Dress, and the BEAST Marks.

37.     By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Monster's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of Monster's goods and services and Defendant's products, and has otherwise competed unfairly with Monster by unlawfully trading on and using Monster's MONSTER Marks, MONSTER Trade Dress, and BEAST Marks without Monster's permission or consent.

38.     Upon information and belief, Defendant's acts complained of herein are willful and deliberate.

39.     Defendant's acts complained of herein have caused damage to Monster in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.

40.     Defendant's acts complained of herein have caused Monster to

suffer irreparable injury to its business.  Monster will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## IV.  FIRST CLAIM FOR RELIEF

### (Trademark Infringement, Trade Dress Infringement, and False Designation of Origin Under 15 U.S.C. § 1125(a))

41.  Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-40 of this Complaint as though fully set forth herein.

42.  This is an action for trademark infringement, trade dress infringement, and false designation of origin arising under 15 U.S.C. § 1125(a).

43.  As a result of the widespread use and promotion of Monster's MONSTER Marks, MONSTER Trade Dress, and BEAST Marks, the marks and trade dress have acquired strong fame and secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the MONSTER Marks, MONSTER Trade Dress, and BEAST Marks with Monster.

44.  Defendant has infringed the MONSTER Marks, MONSTER Trade Dress, and BEAST Marks, and created a false designation of origin, by using in commerce, without Monster's permission, the confusingly similar marks including STAIRMONSTER, UNLEASH THE BEAST!, BATTLE THE BEAST and a claw design in green and black in connection with the advertisement, offering for sale, and/or sale of Defendant's products, including fitness equipment and related services and accessories.

45.  Defendant's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Monster with Defendant, and/or as to the origin, sponsorship, or approval of Defendant's products or Defendant's commercial activities, in violation of 15 U.S.C. § 1125(a).

46.     Upon information and belief, Defendant engaged in its misconduct with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's products are associated with, sponsored by or approved by Monster, when they are not.

47.     Upon information and belief, Defendant had actual knowledge of Monster's ownership and prior use of the MONSTER Marks, MONSTER Trade Dress, and BEAST Marks, and without the consent of Monster, willfully violated 15 U.S.C. § 1125(a).

48.     Defendant, by its actions, has damaged Monster in an amount to be determined at trial.

49.     Defendant, by its actions, has irreparably injured Monster. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## V.  <u>SECOND CLAIM FOR RELIEF</u>

### (Trademark Infringement Under 15 U.S.C. § 1114)

50.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-49 of this Complaint as though fully set forth herein.

51.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

52.     Monster owns valid and enforceable federally registered trademarks for the MONSTER Marks and BEAST Marks, including at least the registrations listed in paragraphs 10 and 16 above.

53.     Defendant has used in commerce, without permission from Monster, colorable imitations, and/or confusingly similar marks to Monster's MONSTER Marks that are the subject of at least Monster's U.S. Trademark Registration Nos. 4,721,433; 3,044,315; 3,057,061; 3,914,828; 3,923,683;

3,908,601; 3,908,600; 4,332,062; 4,660,598; 3,740,050; 3,044,314; 3,134,842; 4,036,680; 4,036,681; 4,111,964; 4,129,288; 4,376,796; 4,451,535; 4,716,750; 4,634,053; 4,604,556; 3,959,457; 5,018,111; 4,234,456; 5,041,267; 4,989,137; 5,013,706; 4,532,292; 4,534,414; 4,860,491; 4,856,373; 4,879,793; 3,852,118; 3,134,841; 4,051,650; 3,434,822; 5,022,676; 4,975,822 and 4,865,702 in connection with the advertising, marketing, and/or promoting of Defendant's goods and services. Such use is likely to cause confusion or mistake, or to deceive.

54.     Defendant has used in commerce, without permission from Monster, a colorable imitation, and/or confusingly similar mark to Monster's BEAST Marks that are the subject of at least Monster's U.S. Trademark Registration Nos. 2,769,364; 4,482,659; 4,482,660; 4,542,107; 4,546,402; 4,336,329; 4,292,502; 4,394,044; 4,371,544; and 4,953,200 in connection with the advertising, marketing, and/or promoting of Defendant's goods and services. Such use is likely to cause confusion or mistake, or to deceive.

55.     Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional infringements of Monster's registered marks, and Defendant did so with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, or are approved by, Monster, when they are not.

56.     Upon information and belief, Defendant had actual knowledge of Monster's ownership and prior use of the MONSTER Marks and BEAST Marks, and has willfully violated 15 U.S.C. § 1114.

57.     Defendant, by its actions, has damaged Monster in an amount to be determined at trial.

58.     Defendant, by its actions, has irreparably injured Monster. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VI.  THIRD CLAIM FOR RELIEF

### (Unfair Competition Under California Business & Professions Code §§ 17200 *et seq.*)

59.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-58 of this Complaint as though fully set forth herein.

60.     This is an action for unfair competition under California Business & Professions Code §§ 17200, *et seq.*

61.     By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among consumers and the public and has unfairly competed in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

62.     Defendant's acts complained of herein constitute trademark infringement, trade dress infringement, unfair competition, and unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged Monster.

63.     Defendant, by its actions, has irreparably injured Monster.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VII.  FOURTH CLAIM FOR RELIEF

### (California Common Law Unfair Competition)

64.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-63 of this Complaint as though fully set forth herein.

65.     This is an action for unfair competition under the common law of

the State of California.

66.    Defendant's acts complained of herein constitute trademark infringement and unfair competition under the common law of the State of California.

67.    By virtue of the acts complained of herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Monster in violation of the common law of the State of California.

68.    Defendant's aforementioned acts have damaged Monster in an amount to be determined at trial.

69.    Defendant has irreparably injured Monster. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

70.    Defendant's willful acts of unfair competition under California common law constitute fraud, oppression and malice. Accordingly, Monster is entitled to exemplary damages pursuant to Cal. Civ. Code Section § 3294(a).

### VIII.  PRAYER FOR RELIEF

WHEREFORE, Monster prays for judgment against Defendant as follows:

1.    That the Court render a final judgment in favor of Monster and against Defendant on all claims for relief alleged herein;

2.    That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing the MONSTER Marks, MONSTER Trade Dress, and BEAST Marks by using a false designation of origin, through the marketing, sale and promotion of Defendant's products, including fitness equipment and related services and accessories;

3.    That the Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1114 by infringing Monster's trademark

rights in at least the marks that are the subject of U.S. Trademark Registration Nos. 4,721,433; 3,044,315; 3,057,061; 3,914,828; 3,923,683; 3,908,601; 3,908,600; 4,332,062; 4,660,598; 3,740,050; 3,044,314; 3,134,842; 4,036,680; 4,036,681; 4,111,964; 4,129,288; 4,376,796; 4,451,535; 4,716,750; 4,634,053; 4,604,556; 3,959,457; 5,018,111; 4,234,456; 5,041,267; 4,989,137; 5,013,706; 4,532,292; 4,534,414; 4,860,491; 4,856,373; 4,879,793; 3,852,118; 3,134,841; 4,865,702; 2,769,364; 4,482,659; 4,482,660; 4,542,107; 4,546,402; 4,336,329; 4,292,502; 4,394,044; 4,371,544; 4,051,650; 3,434,822; 5,022,676; 4,975,822 and 4,953,200.

4.      That the Court render a final judgment declaring that Defendant has violated California Business and Professions Code §§ 17200, *et seq.* by committing trademark infringement, and unfairly competing with Monster;

5.      That the Court render a final judgment declaring Defendant has violated California common law by unfairly competing with Monster;

6.      That Defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

        a.      using the marks STAIRMONSTER, UNLEASH THE BEAST!, BATTLE THE BEAST, and a claw design, in connection with the advertising, promotion, or sale of fitness equipment and related services and accessories, using any of the MONSTER Marks, BEAST Marks, or MONSTER Trade Dress, in connection with Defendant's products, using any of the MONSTER Marks, BEAST Marks, or MONSTER Trade Dress in advertising or promoting Defendant's products, and/or using confusingly similar variations of any of the MONSTER Marks, BEAST Marks, or MONSTER Trade Dress in any manner that is likely to create the impression that Defendant's products

originate from Monster, are endorsed by Monster, or are connected in any way with Monster;

b. manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products bearing any of the MONSTER Marks, BEAST Marks, or MONSTER Trade Dress, and/or any confusingly similar marks or trade dress;

c. filing any applications for registration of any trademarks, trade dress, or designs confusingly similar to the MONSTER Marks, BEAST Marks, or MONSTER Trade Dress;

d. otherwise infringing any of the MONSTER Marks, BEAST Marks, or any of Monster's other trademarks, or Monster's MONSTER Trade Dress;

e. falsely designating the origin of Defendant's products;

f. unfairly competing with Monster in any manner whatsoever; and

g. causing a likelihood of confusion or injury to Monster's business reputation.

7. That Defendant be directed to file with this Court and serve on Monster within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116.

8. That Defendant be required to account to Monster for any and all profits derived by Defendant and all damages sustained by Monster by virtue of Defendant's acts complained of herein;

9. That Defendant be ordered to pay over to Monster all damages which Monster has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

10.     That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

11.     That Monster be awarded exemplary damages from Defendant pursuant to Cal. Civ. Code. § 3294;

12.     That Defendant's actions be deemed willful;

13.     That an award of reasonable costs, expenses, and attorneys' fees be awarded to Monster pursuant to at least 15 U.S.C. § 1117;

14.     That Defendant be required to deliver and destroy all devices, literature, advertising, goods and other unauthorized materials bearing the marks STAIRMONSTER, UNLEASH THE BEAST!, BATTLE THE BEAST, and/or a claw design, any of the MONSTER Marks or BEAST Marks, or any confusingly similar marks, pursuant to 15 U.S.C. § 1118;

15.     That Monster be awarded restitution and disgorgement; and

16.     That Monster be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  March 14, 2018          By:  */s/ Lynda J. Zadra-Symes*
                                     Steven J. Nataupsky
                                     Lynda J. Zadra-Symes
                                     Paul A. Stewart
                                     Hans L. Mayer

                                     Attorneys for Plaintiff,
                                     MONSTER ENERGY COMPANY

1

## IX.  <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Monster Energy Company hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  March 14, 2017          By:  */s/ Lynda J. Zadra-Symes*
Steven J. Nataupsky
Lynda J. Zadra-Symes
Paul A. Stewart
Jason A. Champion
Hans L. Mayer


Attorneys for Plaintiff,
MONSTER ENERGY COMPANY

27538855